**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re UNITE HERE DATA SECURITY INCIDENT LITIGATION | Lead Case No.  1:24-cv-01565-JSR |
| This Document Relates To:<br><br>     ALL ACTIONS. | (Consolidated with Case No.  1:24-cv-01904) |

**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS'**
**CONSOLIDATED CLASS ACTION COMPLAINT**

**WILSON, ELSER, MOSKOWITZ,**
**EDELMAN & DICKER LLP**
Richard W.  Boone Jr.
Siobhán A.  Mueller
150 East 42nd Street
New York, NY 10017
Telephone: (212) 490-3000
Fax: (212) 490-3038
E-mail: richard.boone@wilsonelser.com
E-mail: siobhan.mueller@wilsonelser.com

*Attorneys for Defendant UNITE HERE*

297188191v.3

## <u>TABLE OF CONTENTS</u>

**Page**

I.      Plaintiffs Lack Article III Standing...................................................................................1

      A.      Plaintiffs Have Not Alleged Injury in Fact Sufficient for Standing ......................1

      B.      Plaintiffs Have Not Alleged Traceability of Any Injury to the Incident ................3

      C.      Plaintiffs Lack Standing to Seek Declaratory and Injunctive Relief ......................4

II.     Plaintiffs Common Law Claims Are Preempted And Otherwise Deficiently Pleaded.............................................................................................................................5

      A.      The Federal Duty Of Fair Representation Preempts Plaintiffs' Claims. ................5

      B.      LMRA § 301 Preempts Plaintiffs' Claims................................................................6

III.    Each of Plaintiffs' Claims Fails as a Matter of Law .........................................................7

      A.      Plaintiffs' Complaint Fails to Allege Actual Injury................................................7

      B.      Plaintiffs Fail to State a Claim for Negligence. ......................................................8

      C.      Plaintiffs' Complaint Fails to State a Claim for Breach of Implied Contract..........8

      D.      Plaintiffs' Complaint Fails to State a Claim for Unjust Enrichment ......................9

      E.      Plaintiffs' Complaint Fails to State a Claim for Breach of Confidence ................9

      F.      Plaintiffs Fail to State a Claim under the N.Y. Deceptive Trade Practices Act......................................................................................................................10

IV.    Conclusion .......................................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Attias v. CareFirst, Inc.*,
   365 F. Supp. 3d 1 (D.D.C. 2019) ............................................................................7

*In re Barnes & Noble Pin Pad Litigation*,
   No. 12-CV-8617, 2013 U.S. Dist. LEXIS 125730 (N.D. Ill. 2013) ..........................1

*Beck v. McDonald*,
   848 F.3d 262 (4th Cir. 2017) ...................................................................................3

*Bell v. Mich. Council 25 of the Am. Fed'n of State, County, and Mun. Employees*,
   2005 Mich. App. LEXIS 353 (Mich. Ct. of App. 2005).............................................6

*Berni v Barilla S.P.A.*,
   964 F.3d 141 (2d Cir 2020).......................................................................................4

*BIW Deceived*, 132 F.3d at 833 ...................................................................................5

*Breininger v. Sheet Metal Workers Int'l Ass'n Local Union No. 6*,
   493 U.S. 67 (1989)....................................................................................................5

*Cahoon v. Int'l Bhd. of Elec. Workers Loc. 261*,
   175 F. Supp. 2d 220 (D. Conn. 2001) ...................................................................5, 6

*In re Cap. One Consumer Data Sec. Breach Litig.*,
   488 F. Supp. 3d 374 (E.D. Va. 2020) .......................................................................9

*Cooper v Bonobos, Inc.*,
   2022 U.S. Dist. LEXIS 9469 (S.D.N.Y. 2022)..........................................................3

*Daly v Metro. Life Ins. Co.*,
   4 Misc 3d 887 (N.Y. Sup Ct. 2004) ..........................................................................9

*De Medicis v Ally Bank*,
   2022 U.S. Dist. LEXIS 137337 (S.D.N.Y. 2022).......................................................1

*Everhart v. Colonial Pipeline Co.*,
   No. 1:21-CV-3559-MHC, 2022 U.S. Dist. LEXIS 155295 (N.D. Ga. July 22,
   2022) .........................................................................................................................8

*Fero v Excellus Health Plan*,
   Inc., 236 F. Supp. 3d 735, 755 (W.D.N.Y. 2017)......................................................3

*Hammond v Bank of NY Mellon Corp.*,
  2010 U.S. Dist. LEXIS 71996 (S.D.N.Y. 2010) ..........................................................2

*Harry v Total Gas & Power N. Am., Inc.*,
  889 F.3d 104 (2d Cir. 2018) ..........................................................................................7

*Int'l Bhd. of Elec. Workers v. Foust*,
  442 U.S. 42 (1979) ........................................................................................................5

*Jantzer v Elizabethtown Community Hosp.*,
  2020 U.S. Dist. LEXIS 83207 (N.D.N.Y. May 2020) ....................................................2

*Keach v. BST & Co. CPAs, LLP*,
  2021 NY Slip Op 50273(U), 71 Misc. 3d 1204(A), 142 N.Y.S.3d 790 (Sup.
  Ct.) ...............................................................................................................................4

*Laufer v Ganesha Hospitality LLC*,
  2022 U.S. App. LEXIS 18437 (2d Cir. 2022) ................................................................3

*Lingle v. Norge Div. of Magic Chef, Inc.*,
  486 U.S. 399 (1988) ......................................................................................................6

*Maddox v. Bank of N.Y. Mellon Tr. Co., N.A.*,
  19 F.4th 58 (2d Cir. 2021) ............................................................................................3

*Madison v. Motion Picture Set Painters & Sign Writers Loc. 729*,
  132 F. Supp. 2d 1244 (C.D. Cal. 2000) ........................................................................5

*McMorris v Carlos Lopez & Assoc.*,
  LLC, 995 F.3d 295 (2d Cir 2021) ..................................................................................2

*Nationwide Life Ins. Co. v. Haddock*,
  460 F. App'x 26 (2d Cir. 2012) ....................................................................................5

*In re Parmalat Sec. Litig.*,
  375 F. Supp. 2d 278 (S.D.N.Y. 2005) ............................................................................8

*Reilly v. Ceridian Corp.*,
  664 F.3d 38 (3d Cir. 2011) ............................................................................................3

*Rudolph v. Hudson's Bay Co.*,
  2019 U.S. Dist. LEXIS 77665, 2019 WL 2023713 (S.D.N.Y. May 7, 2019) ..............3

*Saunders v. Hankerson*,
  312 F. Supp. 2d 46 (D.D.C. 2004) ................................................................................7

*In re Sci. Applications Int'l Corp. (SAIC) Backup Tape Data Theft Litig.*,
  45 F. Supp. 3d 14 (D.D.C. 2014) ..................................................................................1

iii

*Shafran v Harley-Davidson*,
  2008 U.S. Dist. LEXIS 22494 (S.D.N.Y. 2008) ........................................................2

*Steven v Carlos Lopez & Assoc., LLC*,
  422 F. Supp. 3d 801 (S.D.N.Y. 2019)........................................................................2

*Storm v Paytime, Inc.*,
  90 F. Supp. 3d 359 (M.D. Pa. 2015) .........................................................................4

*Tate v. EyeMed Vision Care, LLC*,
  No. 1:21-CV-36, 2023 U.S. Dist. LEXIS 175840 (S.D. Ohio Sept. 29, 2023) .........9

*Textile Workers Union of Am. v. Lincoln Mills of Ala.*,
  353 U.S. 448, 77 S. Ct. 912 (1957)...........................................................................7

*Troy v. A.B.A.*,
  No. 23-CV-03053 (NGG) (VMS), 2024 U.S. Dist. LEXIS 78206 (E.D.N.Y.
  Apr. 30, 2024) ...........................................................................................................9

*United Ass'n of Journeymen & Apprentices of Plumbing & Pipefitting Indus. v.*
  *United Ass'n of Journeymen & Apprentices*,
  452 U.S. 615, 101 S. Ct. 2546 (1981).......................................................................7

*Wal-Mart*, 564 U.S. at 360...............................................................................................5

*Wallace v Health Quest Sys.*,
  2021 U.S. Dist. LEXIS 54557 (S.D.N.Y. Mar. 22, 2021) .........................................9

*Walsh v. IBEW Local 503*,
  62 F. Supp. 3d 300 (S.D.N.Y. 2014)..........................................................................5

*In re Waste Mgmt. Data Breach Litig.*,
  2022 U.S. Dist. LEXIS 32798 (S.D.N.Y. 2022).........................................................8

*Whalen v. Michaels Stores, Inc.*,
  689 F. App'x 89 (2d Cir. 2017) .............................................................................1, 2

**Statutes**

Lab. Mgmt. Rel. Act § 301, 29 U.S. Code § 185.................................................6, 7, 8

N.Y. Gen. Bus. L. § 349 ...............................................................................................10

**Rules**

Fed. R. Civ. Proc. 8.........................................................................................................8

Fed. R. Civ. P. 12(b)(1)..................................................................................................1

297188191v.3

Fed. R. Civ. P. 12(b)(6).............................................................................................................1

Fed. R. Civ. Proc. 23(b)(2) .........................................................................................................5

v

Defendant UNITE HERE respectfully submits this Reply Memorandum of Law in further support of its Motion to Dismiss ("Motion") Plaintiffs' Consolidated Class Action Complaint ("Complaint").  For the reasons set forth in the Memorandum of Law in Support of UNITE HERE's Motion ("Memorandum") and further below, Plaintiffs' Complaint should be dismissed, in its entirety and with prejudice, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

## I.    Plaintiffs Lack Article III Standing.

Plaintiffs' Response in Opposition to UNITE HERE's Motion ("Opposition") does nothing to counter the grounds for dismissal set forth in UNITE HERE's Memorandum.  Rather, Plaintiffs essentially admit they have no basis for their claims against UNITE HERE beyond the conclusory assertion that, if UNITE HERE was hacked, it must not have had reasonable security measures in place.  Plaintiffs have also not alleged any plausible misuse of their information, or any cognizable damages resulting from the Incident.  Plaintiffs' claims rely solely on the potential that they might be at risk.  Such allegations do not confer standing and are insufficient as a matter of law.

### A.    Plaintiffs Have Not Alleged Injury in Fact Sufficient for Standing

To show injury-in-fact, Plaintiffs first rely upon the allegations that Conway suffered fraudulent charges to her Chime account.  Plaintiffs do not claim that those charges resulted from the Incident, which did not involve her Chime account information.  Rather, they concede that there must have been a second theft of PII by which the fraudulent actor gained that information.[1] Plaintiffs have also not claimed that Conway had to pay the alleged fraudulent charges.[2]

---

[1] *See, e.g., De Medicis v Ally Bank*, 2022 U.S. Dist. LEXIS 137337, at *19 (S.D.N.Y. 2022) (requiring "allegations of a nexus between the two instances beyond allegations of time and sequence"); *In re Sci. Applications Int'l Corp. (SAIC) Backup Tape Data Theft Litig.*, 45 F. Supp. 3d 14, 32 (D.D.C. 2014) (Plaintiffs lacked standing because they "proffer no plausible explanation for how the thief would have acquired their banking information.").

[2] *Whalen v. Michaels Stores, Inc.*, 689 F. App'x 89, 90-91 (2d Cir. 2017) (dismissal for lack of standing because plaintiff did not allege she actually had to pay any of the fraudulent charges). *See also In re Barnes & Noble Pin Pad Litigation*, No. 12-CV-8617, 2013 U.S. Dist. LEXIS

297188191v.3

Plaintiffs next contend that they "allege a plausible risk of future identity theft" because "once highly sensitive personal information – especially Social Security numbers – is exposed and compromised, the risk of fraud and identity theft is certainly impending."  (Dkt. 23, pp. 14-15). However, the only support that Plaintiffs provide for this assertion is UNITE HERE's offer of credit monitoring and protection services, both of which make it even less likely that Plaintiffs exposure would lead to actual identity theft.  Accordingly, Plaintiffs have not alleged anything which shows the risk of future harm is "certainly impending."  *Whalen*, 689 F. App'x at 90.[3]

Plaintiffs' further argue that their conclusory allegations of "lost time and resources" and "loss of privacy and lost benefit-of-the bargain" satisfy the injury-in-fact requirement.  (Dkt. 23, pp. 15-16).  As regards the former, because each Plaintiff has failed to plead "specifics about any time or effort that she herself has spent monitoring her credit," both have "alleged no injury that would satisfy the constitutional standing requirements."  *Whalen*, 689 F App'x at 91.[4]  As for the latter, Plaintiffs cite inapposite cases from other jurisdictions for the proposition that mere allegations that the value of their personal information has been diminished are somehow sufficient to confer standing.  However, that dubious proposition is not the law of this Circuit.[5]

---

125730, *15-16 (N.D. Ill. 2013) (plaintiff lacked standing because she failed to plead that she had an "unreimbursed charge on her credit card").

[3] *See also McMorris v Carlos Lopez & Assoc.*, LLC, 995 F.3d 295, 303-304 (2d Cir 2021) (risk of future identity theft was "too speculative" to show standing); *Steven v Carlos Lopez & Assoc., LLC,* 422 F. Supp. 3d 801, 805 (S.D.N.Y. 2019) (same); *Hammond v Bank of NY Mellon Corp.*, 2010 U.S. Dist. LEXIS 71996, at *6-7 (S.D.N.Y. 2010) (no standing where plaintiffs "suffered little more than an increased risk of future harm"); *Shafran v Harley-Davidson*, 2008 U.S. Dist. LEXIS 22494, at *2 (S.D.N.Y. 2008) ("an increased risk of future identity theft is not, in itself, an injury that the law is prepared to remedy").

[4] *See also Jantzer v Elizabethtown Community Hosp.*, 2020 U.S. Dist. LEXIS 83207, at *13 (N.D.N.Y. May 2020) (Plaintiff's allegation that "he has spent time monitoring and protecting his financial wellbeing, by, among other things, corresponding with the major credit bureaus," is not sufficient to confer standing.).

[5] *See, e.g., Whalen,* 153 F. Supp. 3d at 581 (rejecting plaintiff's benefit of the bargain theory because they failed to allege a different price charged to customers for purpose of security

2

Plaintiffs next assert that their conclusory allegations of "fear and anxiety as a result of the Data Breach" are "an emotional injury under Article III." (Dkt. 23, p. 17). However, neither the Complaint nor Plaintiffs' Opposition provides any reason why the Incident has caused the Plaintiffs fear and anxiety.[6]

Lastly, Plaintiffs contend that Defendant is attempting "to redefine Plaintiffs' well-pled injuries as 'potential injuries' or 'speculative' by misstating the law or misconstruing the facts." Plaintiffs do not reveal how that is so. Regardless, as demonstrated by the above-cited case law, courts in this Circuit and across the country have repeatedly held that allegations identical to Plaintiffs' are insufficient to confer standing.[7]

## B. Plaintiffs Have Not Alleged Traceability of Any Injury to the Incident

Plaintiffs assert that they satisfy the traceability requirement because the Complaint alleges "that (i) the Data Breach occurred as a result of Defendant's misconduct, (ii) their PII, including Social Security numbers, was exfiltrated by malicious cybercriminals, and (iii) the exfiltration of

---

services); *Cooper v Bonobos, Inc.*, 2022 U.S. Dist. LEXIS 9469, at *15 (S.D.N.Y. 2022) ("Courts have consistently 'rejected allegations that the diminution in value of personal information can support standing.'") (quoting *Fero v Excellus Health Plan*, Inc., 236 F. Supp. 3d 735, 755 (W.D.N.Y. 2017); *Rudolph v. Hudson's Bay Co.*, 2019 U.S. Dist. LEXIS 77665, 2019 WL 2023713, at *8 (S.D.N.Y. May 7, 2019) ("[C]ourts have consistently rejected as too tenuous to support an injury-in-fact [claim] that a defendant's failure to comply with the law, or to prevent an actual data breach, diminished the benefit-of-the-bargain.").

[6] *See, e.g., Maddox v. Bank of N.Y. Mellon Tr. Co., N.A.*, 19 F.4th 58, 66 (2d Cir. 2021)("A perfunctory allegation of emotional distress, especially one wholly incommensurate with the stimulant, is insufficient to plausibly allege constitutional standing."); *Laufer v Ganesha Hospitality LLC*, 2022 U.S. App. LEXIS 18437, at *7 (2d Cir. 2022) ("When relying on allegations of emotional distress to establish standing, plaintiffs 'must plead enough facts to make it plausible that they did indeed suffer the sort of injury that would entitle them to relief.'" (quoting *Maddox*)).

[7] *See supra. See also, e.g., Beck v. McDonald*, 848 F.3d 262, 276 (4th Cir. 2017) ("time spent paying close attention to their financial documents following the Data Breach does not constitute an injury-in-fact"); *Reilly v. Ceridian Corp.*, 664 F.3d 38, 46 (3d Cir. 2011) (costs incurred to watch for a speculative chain of future events based on hypothetical future criminal acts are not actual injuries).

3

their PII by cybercriminals resulted in actual misuse of their Private Information, lost time, loss of privacy, diminution in value of their PII, and emotional injuries." (Dkt. 23, pp. 18-19). However, to the extent any of these things might somehow constitute injury-in-fact, there is nothing to tie those injuries to the Incident itself. Even in their Opposition, neither Plaintiff claims that the Incident is the only data breach that may have involved her information or about which she has received a notification. Rather, Plaintiff Conway apparently concedes that she was the victim of another data theft, resulting in the unauthorized access to her Chime account.

### C.    Plaintiffs Lack Standing to Seek Declaratory and Injunctive Relief

Plaintiffs argue that they have sufficiently alleged a claim for declaratory and injunctive relief because "because Plaintiffs' Private Information is 'still in Defendant's possession.'" (Dkt. 23, p. 21). However, like their Complaint, Plaintiffs' Opposition identifies nothing beyond conclusory and speculative allegations to suggest that there is an imminent threat to that data.[8] Plaintiffs also do not allege how injunctive relief could hope to prevent an attack, which is unfortunately a threat that all modern businesses (and unions) face.[9] Further, as noted in UNITE HERE's Memorandum, Plaintiffs claim injury – without any plausible basis for doing so – because their data is allegedly now exposed to the world. They do not claim UNITE HERE has any PII in its possession which has not yet been exposed and might subsequently be released in a future data

---

[8] *See Berni v Barilla S.P.A.*, 964 F.3d 141, 147 (2d Cir. 2020) ("To maintain an action for injunctive relief, a plaintiff cannot rely on past injury … but must show a likelihood that he … will be injured in the future. Moreover, such a threat of future injury must be actual and imminent, not conjectural or hypothetical. If the injury occurred in the past—or if some future injury is merely conjectural or hypothetical—then plaintiffs will lack the kind of injury necessary to sustain a case or controversy, and necessary to establish standing, under Article III." (internal quotes omitted)).

[9] *See, e.g., Keach v. BST & Co. CPAs, LLP*, 2021 NY Slip Op 50273(U), ¶ 7, 71 Misc. 3d 1204(A), 142 N.Y.S.3d 790 (Sup. Ct.) ("There are only two types of companies left in the United States, according to data security experts: those that have been hacked and those that don't know they've been hacked." (quoting *Storm v Paytime, Inc.*, 90 F. Supp. 3d 359, 360 (M.D. Pa. 2015))).

297188191v.3

breach.  Plaintiffs also do not dispute that, even if they had standing, Plaintiffs' class injunctive relief claims must be dismissed.[10]

## II.    Plaintiffs' Common Law Claims Are Preempted And Otherwise Deficiently Pleaded.

Plaintiffs' Opposition argues that their claims are not preempted by federal labor laws because "[n]othing in the events of this Data Breach, nor in the factual support of Plaintiffs' claims, involved Defendant representing anything to employers on behalf of employees."  (Dkt. 23, p. 14). This argument is both wrong and misses the point.  Federal preemption protects the collective interests of all union members, which would be significantly impacted by Plaintiffs' claims.[11]

### A.    The Federal Duty of Fair Representation Preempts Plaintiffs' Claims.

Plaintiffs argue that UNITE HERE owes them various duties beyond the duty of fair representation, citing inapposite case law not involving any union.  The simple fact is that Plaintiffs cannot dispute their own allegations that that UNITE HERE's collection and maintenance of Plaintiffs' data was in connection with its "status as a Board-certified bargaining representative," to which the duty of fair representation applies.  *Breininger v. Sheet Metal Workers Int'l Ass'n Local Union No. 6*, 493 U.S. 67, 87-88 (1989).[12]  Plaintiffs allege that "[a]s a condition of receiving

---

[10] *See, e.g., Nationwide Life Ins. Co. v. Haddock*, 460 F. App'x 26, 28-29 (2d Cir. 2012)("[A] class complaint alleging numerous individual claims for monetary relief may not be certified under Rule 23(b)(2), 'at least where … the monetary relief is not incidental to the injunctive or declaratory relief.'"  *Id.* (quoting *Wal-Mart*, 564 U.S. at 360)).

[11] *See, e.g., Int'l Bhd. of Elec. Workers v. Foust*, 442 U.S. 42, 50 (1979) (noting that the limited damages available in duty of fair representation actions "reflects an attempt to afford individual employees redress for injuries caused by union misconduct without compromising the collective interests of union members in protecting limited funds.")

[12] *See also Walsh v. IBEW Local 503*, 62 F. Supp.  3d 300, 303 (S.D.N.Y. 2014) ("A state law claim is subsumed by the duty of fair representation–and thus preempted–if it imposes an obligation on the union already imposed by the duty of fair representation."); *Cahoon v. Int'l Bhd. of Elec. Workers Loc. 261*, 175 F. Supp. 2d 220, 227 (D. Conn. 2001) ("Courts finding that the DFR effects complete preemption have described the scope of the preempted field as including all representational conduct."); *BIW Deceived*, 132 F.3d at 833 (complete preemption where union acted in a "representational capacity"); *Madison v. Motion Picture Set Painters & Sign Writers Loc. 729*, 132 F. Supp. 2d 1244, 1256 (C.D. Cal. 2000) (duty of fair representation "applies to all

union representation and other benefits, UNITE HERE requires that its union members entrust it with highly sensitive personal and health information." (Dkt. 17, ¶ 26).

Plaintiffs also rely upon a non-precedential, unpublished decision from Michigan, *Bell v. Mich. Council 25 of the Am. Fed'n of State, County, and Mun. Employees*, 2005 Mich. App. LEXIS 353 (Mich. Ct. of App. 2005), which did not consider the federal duty of fair representation, presumably because it involved a union of state, local, and municipal employees to whom federal labor laws do not apply. Additionally, the court in *Bell* emphasized that its "holding is limited to the facts of this case where defendant knew confidential information was leaving its premises and no procedures were in place to ensure the security of the information." *Id.* at *17. That is very different than the situation presented here, where UNITE HERE was the innocent victim of a cyber attack. It is more akin to *Cahoon*, which involved claims related to violence by a union steward. The court found that negligence claims were preempted because, although "the unions' actions in retaining, training, not removing, and choosing not to warn about [the] steward … do not themselves involve direct representation of employees to the employer, they are essential to the unions' fulfilling their representational role." 175 F. Supp. 2d at 227. A union possessing information about the members it represents is similarly essential to its representational role.

### B.    LMRA § 301 Preempts Plaintiffs' Claims

Plaintiffs assert that Section 301 of the Labor Management Relations Act ("LMRA") does not preempt their claims because they do not concern the UNITE HERE Constitution, but they fail to acknowledge that a number of their allegations are premised on what is required to be a "member" of UNITE HERE. (Dkt. 23, p. 18) (Dkt. 17 ¶ 142). To make their argument, Plaintiffs point to the UNITE HERE Constitution, noting that it does not specifically require that union

representational activity in which the union engages").

members provide PII as a condition of membership.  This only serves to highlight that the issues

of what UNITE HERE requires of its members and what it is required to provide to those members

are so inexorably intertwined with the UNITE HERE Constitution that neither can be determined

without reference to it.  Thus, preemption applies.

 *Lingle v. Norge Div. of Magic Chef, Inc.,* 486 U.S.  399, 407 (1988) does not hold

otherwise.  Rather, while that case illustrates some of the basic contours of Section 301 preemption,

it was not a case involving the interpretation of a union constitution.  This case is instead more

akin to *United Ass'n of Journeymen & Apprentices of Plumbing & Pipefitting Indus. v. United

Ass'n of Journeymen & Apprentices*, 452 U.S. 615, 627, 101 S. Ct. 2546, 2553 (1981), where the

Supreme Court noted that "in § 301 (a) cases involving union constitutions … the substantive law

to apply 'is federal law, which the courts must fashion from the policy of our national labor laws.'"

(quoting *Textile Workers Union of Am. v. Lincoln Mills of Ala.*, 353 U.S. 448, 456, 77 S. Ct. 912,

917 (1957)).  *See also Saunders v. Hankerson*, 312 F. Supp. 2d 46, 72 (D.D.C. 2004) ("To the

extent that plaintiff's breach of fiduciary duty claim is premised on the provisions of the AFT

Constitution, AFT is correct, and the claim is pre-empted by Section 301 of the LMRA.").

**III.    Each of Plaintiffs' Claims Fails as a Matter of Law**

 As  discussed  in  UNITE  HERE's  Memorandum,  even  if  Plaintiffs  could  meet  the

requirements of Article III standing, and no claims were preempted by federal law, each of their

claims independently fails as a matter of law.

 **A.    Plaintiffs' Complaint Fails to Allege Actual Injury**

 Plaintiffs' Opposition misconstrues the requirement of actual injury, which is an essential

element of all their claims.  Plaintiffs asserts that, because they have alleged injury-in-fact, that

would satisfy the damages element of their claims.  However, the Second Circuit has made clear

that "because [actual injury] is an element of a substantive cause of action, the pleading

requirements differ [from injury-in-fact]. Injury must be plausible, not just colorable." *Harry v Total Gas & Power N. Am., Inc.*, 889 F.3d 104, 112 (2d Cir. 2018).[13] Accordingly, the Court could find standing and nonetheless dismiss the Complaint in its entirety because the Plaintiffs have not adequately pled actual injury. *See, e.g., Everhart v. Colonial Pipeline Co.*, No. 1:21-CV-3559-MHC, 2022 U.S. Dist. LEXIS 155295, at *10 (N.D. Ga. July 22, 2022).

### B.    Plaintiffs Fail to State a Claim for Negligence.

Plaintiffs' argue that UNITE HERE owed a duty of care because it was the "the recipient of Private Information" and that the union breached that duty because it "failed to encrypt Private Information or delete it from its systems when it was no longer required to retain it, failed to monitor its systems to detect an intrusion, and failed to adequately train its staff in data security protocols." (Dkt. 23, pp. 28-29). These arguments misconstrue what Complaint actually alleges. Plaintiffs make only general allegations of a duty of care, which are too conclusory to meet even the basic standard under Rule 8 of a "short and plain statement of the claim."[14] Plaintiffs also fail to specify how UNITE HERE might have breached the duty of care, again relying instead on conclusory allegations that UNITE HERE's data security was inadequate.[15]

### C.    Plaintiffs' Complaint Fails to State a Claim for Breach of Implied Contract

Plaintiffs assert that their implied contract claim should proceed because they "have sufficiently alleged the element of mutual assent necessary to sustain their contract claim." (Dkt. 23, p. 29). However, Plaintiffs ignore that the Complaint does not allege facts sufficient to

---

[13] *See also Attias v. CareFirst,*, 365 F. Supp. 3d 1, 13 (D.D.C. 2019) (finding standard for alleging actual damages is higher than for plausibly alleging injury in fact for Article III standing.).

[14] *See, e.g., In re Parmalat Sec. Litig.*, 375 F. Supp. 2d 278, 286 (S.D.N.Y. 2005) ("Even under the liberal notice pleading standard of Rule 8 … conclusory assertions are inadequate.").

[15] *See, e.g., In re Waste Mgmt. Data Breach Litig.*, 2022 U.S. Dist. LEXIS 32798, *12 (S.D.N.Y. 2022) ("[T]he CAC pleads no facts regarding any specific measures that Waste Management did or didn't take, nor does it contain any allegations regarding the manner in which their systems were breached.").

plausibly claim the existence of an implied contract (at least not one distinct from the membership

relationship governed by the UNITE HERE Constitution and, therefore, LMRA § 301). The

Complaint does not describe the material terms of the implied contract, when it was entered into,

or any other fact to establish the purported agreement.[16] Plaintiffs have also failed to identify how

UNITE HERE could possibly have breached that supposed contract.[17]

### D.    Plaintiffs' Complaint Fails to State a Claim for Unjust Enrichment

Plaintiffs do not dispute that their unjust enrichment claim seeks a refund of their union

dues based on a claim that Plaintiffs did not receive all of the representation to which they were

entitled. While such a claim obviously implicates federal labor laws, Plaintiffs also fail to allege

any facts indicating that UNITE HERE – a nonprofit organization – was conferred any benefit by

receiving Plaintiffs' PII or that equity requires that benefit to be returned. Additionally, as

discussed in UNITE HERE's Memorandum, courts have uniformly rejected Plaintiffs'

overpayment theory where providing PII was merely incidental to the parties' relationship.

### E.    Plaintiffs' Complaint Fails to State a Claim for Breach of Confidence

Plaintiffs rely solely on *Wallace v Health Quest Sys.*, 2021 U.S. Dist. LEXIS 54557

(S.D.N.Y. Mar. 22, 2021) for the proposition that, under New York law, breach of confidence

claims do not only pertain to patient-physician relationships. However, *Wallace* involved patients

providing their private medical information to a medical corporation. *Id.* at *33.[18] Plaintiffs also

---

[16] *See Tate v. EyeMed Vision Care, LLC*, No. 1:21-CV-36, 2023 U.S. Dist. LEXIS 175840, *24 (S.D. Ohio Sept. 29, 2023) (beyond a "threadbare allegation, Plaintiffs fail to allege any facts to support the claim that EyeMed agreed to provide data security as a condition of service")

[17] *See, e.g., Troy v. A.B.A.*, No. 23-CV-03053 (NGG) (VMS), 2024 U.S. Dist. LEXIS 78206, at *12 (E.D.N.Y. Apr. 30, 2024) ("Absent allegations identifying the security measures ABA purportedly failed to implement, Plaintiffs cannot sustain their breach of implied contract claim.").

[18] *See also Daly v Metro. Life Ins. Co.*, 4 Misc 3d 887, 892 (N.Y. Sup Ct. 2004) ("[T]his cause of action, *seen within the context of physician-patient relationships*, arises as a result of a physician's unauthorized disclosure of a patient's confidential medical records.").

cite *In re Cap. One Consumer Data Sec. Breach Litig.*, 488 F. Supp. 3d 374, 409 (E.D. Va. 2020) for the proposition that a breach of confidence claim is permissible under Florida and California law.  However, Plaintiffs do not claim either jurisdiction's laws govern their claims.

**F.    Plaintiffs Fail to State a Claim under the N.Y. Deceptive Trade Practices Act**

Plaintiffs argue that their N.Y. Gen. Bus. L. § 349 claim is sufficient because UNITE HERE misrepresented its commitment to data security in its privacy policy.  Plaintiffs ignore the fact that they have not identified any privacy policy of UNITE HERE other than one from its webpage, which refers only to tracking on their website.  Plaintiffs also assert that their claim is sufficient, despite the fact that Plaintiffs have not alleged that UNITE HERE engaged in any consumer-oriented conduct, because the union's conduct impacted "consumers at large."  It did not – the relationship between UNITE HERE any person impacted by the Incident is one of collective bargaining representative and represented employee, which does not constitute a consumer relationship.

**IV.    Conclusion**

For the reasons set forth in UNITE HERE's Memorandum and these further reasons, UNITE HERE requests the Court dismiss Plaintiffs' Complaint with prejudice.

Dated:  May 24, 2024
     New York, New York

                                  */s/ Richard W.  Boone Jr.*
                                  Richard W.  Boone Jr.
                                  Siobhán A.  Mueller
                                  **WILSON, ELSER, MOSKOWITZ,**
                                  **EDELMAN & DICKER LLP**
                                  150 East 42nd Street
                                  New York, NY 10017
                                  Telephone: (212) 490-3000
                                  E-mail: richard.boone@wilsonelser.com
                                  E-mail: siobhan.mueller@wilsonelser.com

                                  ***Attorneys for Defendant UNITE HERE***

<u>**CERTIFICATION**</u>

The foregoing **REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT** was prepared on a computer, using Microsoft Word, the typeface is Times New Roman, the main body is in 12-point font with 1-inch margins throughout, the footnotes are in 12-point font, and the length is 10 pages double-spaced.

> */s/ Richard W.  Boone Jr.*
> Richard W.  Boone Jr.
> Siobhán A.  Mueller
> **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
> 150 East 42nd Street
> New York, NY 10017
> Telephone: (212) 490-3000
> Fax: (212) 490-3038
> E-mail: richard.boone@wilsonelser.com
> E-mail: siobhan.mueller@wilsonelser.com
>
> ***Attorneys for Defendant UNITE HERE***

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.  By registering with the Court's CM/ECF system, each has consented to electronic service via this method.

DATED: This 24th day of May 2024

*/s/ Richard W.  Boone Jr.*
Richard W.  Boone Jr.
Siobhán A.  Mueller
**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**
150 East 42nd Street
New York, NY 10017
Telephone: (212) 490-3000
Fax: (212) 490-3038
E-mail: richard.boone@wilsonelser.com
E-mail: siobhan.mueller@wilsonelser.com

*Attorneys for Defendant UNITE HERE*