```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| In re UNITE HERE DATA SECURITY INCIDENT LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | 24-cv-1565(JSR)<br><br>MEMORANDUM & ORDER |

JED S. RAKOFF, U.S.D.J.:

Defendant UNITE HERE ("UNITE") moves this Court to certify for interlocutory appeal the Court's July 15, 2024, Opinion & Order (Dkt. 27) (the "Order") granting in part and denying in part UNITE's motion to dismiss the complaint (Dkt. 25). Familiarity with the underlying allegations and proceedings is assumed. Briefly, this consolidated class action was brought against UNITE — a labor union — by two of its members, alleging six claims arising from an October 20, 2023, data breach incident (the "Incident") involving theft of sensitive personal information that the employees had provided to UNITE. UNITE moved to dismiss the complaint in its entirety (Dkt. 20), raising three categories of arguments — standing, preemption, and substantive grounds — but the Court's Order denied the motion except for plaintiffs' claim relating to the New York Deceptive Trade Practices Act, which was dismissed.

Certification is an exceptional procedure that should not be granted unless the underlying "order involves a controlling question of law as to which there is substantial ground for difference of

1

opinion and [] an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Time and again, courts have recognized that the "result of permitting interim appeals is vexatious and duplicative litigation, prolonged uncertainty, and endless delay." Picard v. Katz, 462 B.R. 447 (S.D.N.Y. 2011).

UNITE claims to have identified one "controlling question of law, for which there is at least a substantial ground for difference of opinion" requiring certification: *i.e.*, whether the Court correctly interpreted the Second Circuit's precedent in *Figueroa v. Foster,* 864 F.3d 222 (2d Cir. 2017) to not require a "field-preemption-type" analysis in cases concerning a conflict between the duty of fair representation, *see Vaca v. Sipes*, 386 U.S. 171, 177 (1967), and state law. Memorandum in Law in Support of Defendant Unite Here's Motion for Certification of Interlocutory Appeal, Pursuant to 28 U.S.C. § 1292(b) (Dkt. 28) at 3-4 ("Def. Certification Mem."). Applying that analysis, this Court held that plaintiffs' claims were not automatically preempted. UNITE argues that *Figueroa's* mode of analysis is limited to the state-law antidiscrimination context in which it was brought and should not be expanded to preclude preemption in the instant case.

But UNITE's reading of *Figueroa* is plainly wrong. In *Figueroa*, the Second Circuit held in broad terms that the preemption force of the National Labor Relations Act is not such as to automatically trigger a field-preemption analysis in any state-law context because the Supreme Court in *Vaca v. Sipes*, 386 U.S. 171 (1967) "expressly

2

disavowed a field-preemption-type analysis" and because "more recent Supreme Court cases have continued to caution that every provision of the NLRA does not automatically occupy the field within which its proscriptions function." 864 F.3d at 231-32 (citing *Brown v. Hotel & Rest. Emps. & Bartenders Int'l Union Loc. 54*, 468 U.S. 491, 501 (1984)). *See also Whitehurst v. 1199SEIU United Healthcare Workers E.*, 928 F.3d 201, 208 (2d Cir. 2019) (*Figueroa* "addressed the scope of preemption by the NLRA, a statute which . . . has not been identified as carrying the requisite 'preemptive force' to support complete preemption."). In reaching this conclusion, the Second Circuit relied on decisions of other circuits irrespective of the statutory context in which those cases were brought. *Figueroa*, 864 F.3d at 230-32.

Further, UNITE's argument in the alternative that the state-law claims at issue here are in fact in conflict with the duty of fair representation is a thinly veiled attempt to re-litigate arguments that UNITE lost on its motion to dismiss. It is thus not a "controlling issue of law." Just as in its motion to dismiss, UNITE offers a generalized argument about the union's duty of representation that has nothing to do with the misconduct alleged here, *i.e.*, defendant's failure to adopt requisite cybersecurity measures. *See* Def. Certification Mem. at 6; *see also* Defendant Unite Here's Memorandum of Law in Support [of] its Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint (Dkt. 21) at 15.

For the foregoing reasons, the Court denies defendant's motion to certify the Order for interlocutory appeal.

3

SO ORDERED.

New York, NY
September 26, 2024

_____
JED S. RAKOFF, U.S.D.J.

4