# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re UNITE HERE DATA SECURITY INCIDENT LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Lead Case No. 1:24-cv-01565-JSR<br><br>(Consolidated with Case No. 1:24-cv-01904) |

## [PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT

On January 10, 2025, this Court entered an order granting preliminary approval (the "Preliminary Approval Order") (Doc. 38) of the Settlement Agreement[1] entered into between (a) the Settlement Class Representatives, on behalf of themselves and the Settlement Class; and (b) Defendant UNITE HERE ("UNITE" or "Defendant") (collectively, the "Parties") as memorialized in Exhibit 1 to *Declaration of Mason A. Barney in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement* (Doc. 36-1);

On February 10, 2025, pursuant to the notice requirements set forth in the Settlement and in the Preliminary Approval Order, the Settlement Class Members were apprised of the nature and pendency of the Action, the terms of the Settlement, and their rights to request exclusion, object, and/or appear at the Final Fairness Hearing;

On May 14, 2025, the Court held a Final Fairness Hearing to determine, inter alia: (1) whether the Settlement is fair, reasonable, and adequate; and (2) whether judgment should be entered dismissing all claims in the Consolidated Complaint with prejudice. Prior to the Final

---

[1] The capitalized terms used in this Final Approval Order and Judgment shall have the same meaning as defined in the Settlement Agreement except as may otherwise be indicated.

finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the Settlement.

4.      This Court grants final approval of the Settlement, including, but not limited to, the releases in the Settlement and the plans for distribution of the settlement relief.  The Court finds that the Settlement is in all respects fair, reasonable, adequate, and in the best interest of the Settlement Class.  Therefore, all Settlement Class Members who have not opted out are bound by the Settlement and this Final Approval Order and Judgment.

5.      The Settlement and every term and provision thereof—including, without limitation, the Releases—are incorporated herein as if explicitly set forth herein and shall have the full force of an Order of this Court.

6.      The Parties shall effectuate the Settlement in accordance with its terms.

## OBJECTIONS AND OPT-OUTS

7.      Zero objections were filed by Settlement Class Members.

8.      All persons and entities who have not objected to the Settlement in the manner provided in the Settlement are deemed to have waived any objections to the Settlement, including, but not limited to, by appeal, collateral attack, or otherwise.

9.      A list of those putative individuals who have timely and validly elected to opt out of the Settlement in accordance with the requirements in the Settlement Agreement (the "Opt-Out Members") has been submitted to the Court in the *Declaration of Scott M. Fenwick of Kroll Settlement Administration LLC in Connection with Final Approval of Settlement*, filed in advance of the Final Fairness Hearing.  That list, which has since been updated with two additional Opt-Out Members, is attached as **Exhibit A** to this Order.  The persons and/or entities listed in **Exhibit A** are not bound by the Settlement, or this Final Approval Order and Judgment, and are not entitled

13.    The Court grants final approval to the appointment of Mason A. Barney and Tyler J. Bean of Siri & Glimstad LLP, and John J. Nelson of the law firm Milberg Coleman Bryson Phillips Grossman, PLLC as Class Counsel. The Court concludes that Class Counsel has adequately represented the Settlement Class and will continue to do so.

## NOTICE TO THE SETTLEMENT CLASS

14.    The Court finds that the Notice Plan, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order, was the best notice practicable under the circumstances, was reasonably calculated to provide and did provide due and sufficient notice to the Settlement Class Members of the pendency of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement, their right to exclude themselves, their right to object to the Settlement and to appear at the Final Fairness Hearing, and satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and all other applicable laws.

15.    The Court finds that Defendant has fully complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

## AWARD OF ATTORNEYS' FEES, COSTS, AND EXPENSES AND SERVICE AWARDS TO PLAINTIFFS

16.    The Court has considered Class Counsel's Motion for Attorneys' Fees and Expenses.

17.    The Court awards Class Counsel $1,800,000.00 as an award of attorneys' fees to be paid in accordance with the Settlement, and the Court finds this amount to be fair and reasonable. This award shall be paid by the Settlement Administrator separate and apart from any benefits provided to Settlement Class Members and the costs of notice and Claims Administration

concession, or admission by Defendant with respect to the truth of any fact alleged by any Settlement Class Representative or any Settlement Class Member or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, breach of duty, or wrongdoing of Defendant; ***provided, however***, that nothing in the foregoing, the Settlement Agreement, or this Final Approval Order and Judgment shall be interpreted to prohibit the use of the Settlement Agreement or this Final Approval Order and Judgment in a proceeding to consummate or enforce the Settlement or this Final Approval Order and Judgment (including all releases in the Settlement and Final Approval Order and Judgment), or to defend against the assertion of any Released Claims in any other proceeding, or as otherwise required by law.

24.    This Final Approval Order and Judgment and the Settlement, and all acts, statements, documents, and proceedings relating to the Settlement are not, and shall not be construed as or received in evidence as an admission, concession, or presumption against any Settlement Class Representative or any Settlement Class Member that any of their claims are without merit, or that any defense asserted by Defendant has any merit, or that damages recoverable in the Action would not have exceeded the total value of the Settlement.

25.    The Settlement (including without limitation the releases therein) shall be forever binding on, and shall have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims that are brought, initiated, or maintained by, or on behalf of, any Settlement Class Member who is not an Opt-Out or any other person subject to the provisions of this Final Approval Order and Judgment.

**ENTERED:**

DATED: May _15_, 2025       By: _____
                                     District Judge Hon. Jed S. Rakoff

# Exhibit A

| Count | First Initial | Last Name |
|:-----:|:-------------:|:---------:|
| 1 | BREI | FRANCIONE |
| 2 | DEXTER | PERKINS |
| 3 | DONNA | VAN GOETHEM |
| 4 | EMANUEL | MCCRAY |
| 5 | GABRIEL | PEREZ |
| 6 | GLORIA | LIPSON |
| 7 | HAIDAR | MERHI |
| 8 | HANNAH | BULAO |
| 9 | JAMES | STUART |
| 10 | JORGE | TORRES |
| 11 | NARCISSUS | LILLIAN |
| 12 | NELSON | DUBON |
| 13 | NICOLE | BOWANNIE |
| 14 | PATRICK | SUPPLE |
| 15 | RENEE | WILSON |
| 16 | SUSAN | FERREL |
| 17 | TERRY | PALMER |
| 18 | RACHEL | JONES |
| 19 | VICTORIA | BRUNCE |